UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

EMILY P. ROBINSON,

        Plaintiff,

v.

        Case No. 23-cv-967-pp

KILOLO KIJAKAZI,

        Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 3)**

---

        The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

        To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

        Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff indicates that she is not employed, she is married and her spouse is not employed, and she and her spouse have two children, a five-year-old son and an eleven-year-old daughter, that they are responsible for supporting. Dkt. No. 3 at 1. The only income listed by the plaintiff is $741 per month in Foodshare. Id. at 2. The plaintiff lists

1

monthly expenses totaling $2,089 ($700 rent, $100 light, $120 phones, $90 internet, $741 food, $100 clothes, $50 IRS payment, $88 student loan, $100 DOR payment plan). Id. at 2-3. The plaintiff owns a 2010 Honda Civic worth approximately $2,000 and a 2011 Dodge Nitro worth approximately $3,000; she does not own her home or any other property of value; and she has approximately $10 cash on hand or in a checking or savings account. Id. at 3. The plaintiff states, "We receive assistance from family to support ourselves (family of four), otherwise sustain ourselves with the food share." Id. at 4. The plaintiff has demonstrated that she cannot pay the $350 filing fee and $52 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that she was denied benefits and that the Commissioner's decision "is not in accordance with the purpose and intent of the Social Security Act, nor is it in accordance with the evidence, but contrary thereto, in that the ALJ's decision is not supported by substantial

evidence and is contrary to law." Dkt. No. 1 at 1-2. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 20th day of July, 2023.

BY THE COURT:

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**